# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| MICHAEL GRESHAM and | * | |
| ALLISON GRESHAM, as Parents, | * | No. 18-1711V |
| Natural Guardians and Next Friends | * | |
| Of A.K.G., a minor, | * | |
| | * | |
| | * | Special Master Christian J. Moran |
| Petitioner, | * | |
| | * | Filed: April 29, 2020 |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Stipulation; influenza ("flu") vaccine |
| AND HUMAN SERVICES, | * | optic neuritis |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

Susan M. Cremer, Law Offices of Michael Lawson Neff, PC, Atlanta, GA, for Petitioners;
Claudia B. Gangi, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On April 28, 2020, the parties filed a joint stipulation concerning the petition for compensation filed by Michael and Allison Gresham on behalf of their child, A.K.G., on November 5, 2018. In their petition, petitioners alleged that A.K.G. developed optic neuritis after receiving the influenza vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a), on December 29, 2015. Petitioners further allege that A.K.G. suffered the residual effects of this injury for more than six months. Petitioners represent that there has been no prior

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

award or settlement of a civil action for damages on his behalf as a result of his condition.

Respondent denies that the vaccine either caused A.K.G. alleged injury or any other injury. Nevertheless, the parties agree to the joint stipulation, attached hereto.

Based upon the entire record in this case, the court finds that the settlement is a fair, just and reasonable compromise of a disputed claim and is the best interest of the minor A.K.G. The court hereby approves the settlement as a court in which the action is pending, pursuant to O.C.G.A. § 29-3-3(e).

Pursuant to the terms of the joint stipulation, the settlement proceeds will be allocated for payment of a lien in the amount of $5,734.05 to Optum Subrogation Services, and all other settlement proceeds will be utilized to purchase annuities for the benefit of the minor A.K.G., who will not receive any portion thereof until she reaches the age of majority. Accordingly, no bond or conservatorship is required. O.C.G.A. § 29-3-3(h); <u>Griffin v. Acadia Healthcare Company, Inc. et al.,</u> 2015 WL 5321002 (N.D. Ga. July 20, 2015).

The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation are:

a. A lump sum of $5,734.05, which amount represents reimbursement of a lien for services rendered on behalf of A.K.G., in the form of a check payable jointly to petitioners and Optum, Inc., and mailed to:

>  Optum Subrogation Services
>  Attn: Debbie Persson
>  75 Remittance Drive, Suite 6019
>  Chicago, IL 60675-6019
>  Optum File#: SN20795351

Petitioners agree to endorse this check to Optum, Inc.

b. An amount of $180,000.00 to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased.

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 18-1711V according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

    s/Christian J. Moran
    Christian J. Moran
    Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| MICHAEL GRESHAM and ALLISON GRESHAM, as Parents, Natural Guardians and Next Friends of A.K.G., a minor,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | No. 18-1711V<br>Special Master Moran<br>(ECF) |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their daughter, A.K.G., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to A.K.G.'s receipt of the flu vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. A.K.G. received her flu immunization on or about December 29, 2015.

3. The vaccine was administered within the United States.

4. Petitioners allege that A.K.G. suffered optic neuritis as a result of her immunization. Petitioners further allege that A.K.G. experienced the residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of A.K.G. as a result of her alleged condition.

6. Respondent denies that A.K.G. suffered optic neuritis as a result of her flu immunization, and denies that the flu vaccine caused her any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a. A lump sum of $5,734.05, which amount represents reimbursement of a lien for services rendered on behalf of A.K.G., in the form of a check payable jointly to petitioners and Optum, Inc., and mailed to

        Optum Subrogation Services
        Attn: Debbie Persson
        75 Remittance Drive, Suite 6019
        Chicago, IL 60675-6019
        Optum File #: SN20795351

Petitioners agree to endorse this check to Optum, Inc.

    b. An amount of $180,000.00 to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company

must have one of the following ratings from two of the following rating organizations:

    a.    A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.    Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of A.K.G., pursuant to which the Life Insurance Company will agree to make a lump sum payment to A.K.G. for all damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

    a. $199,616.29 payable in a certain lump sum on March 26, 2026.

The purchase price of the annuity described in this paragraph shall neither be greater than nor less than $180,000.00.  In the event that the cost of the lump sum annuity payment set forth above varies from $180,000.00, the lump sum payment on March 26, 2026, listed above shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $180,000.00.  Should A.K.G. predecease the payment of the certain lump sum set forth above, the certain lump sum payment shall be made to her estate.  However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within **twenty (20)** days of A.K.G.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation.  The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the

payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

14. Payments made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 12 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of A.K.G. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacity, and as legal representatives of A.K.G., on their own behalf and on behalf of A.K.G. and A.K.G.'s heirs, executors, administrators, successors, and assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of A.K.G. resulting from, or alleged to have resulted from, the flu vaccination administered on or about December 29, 2015, as alleged by petitioners in a petition for vaccine compensation filed on or about November 5, 2018, in the United States Court of Federal Claims as petition No. 18-1711V.

17. If A.K.G. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the

parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused A.K.G.'s optic neuritis or any other injury or any of her current conditions.

21. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of A.K.G.

END OF STIPULATION

/

/

/

/

/

/

/

/

/

/

/

Respectfully submitted,

PETITIONERS:

*[signature]*
MICHAEL GRESHAM

*[signature]*
ALLISON GRESHAM

**ATTORNEY OF RECORD FOR PETITIONERS:**

*[signature]*
SUSAN M. CREMER, ESQ.
Neff Law
The Pinnacle Building, Suite 509
3455 Peachtree Road NE
Atlanta, GA 30326
Tel: (404) 531-9700

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Ward Sorensen for*
TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature]*
Claudia B Gangi
by Catharine E
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4138

Dated: 4/14/20

-7-